Mr. Justice Clayton
delivered the opinion of the court.
This is an action of replevin for the wrongful detention of certain slaves. It is insisted that the action will not lie, unless there was either a tortious taking, or a detention after a demand, which would make the detention wrongful, if unauthorized by ■law; in other words, that there should have been a demand before suit brought.
The words of the statute are, that “ whenever any goods or chattels are wrongfully 'taken or detained, an action of replevin may be maintained, by any person having the right to immediate possession, for the recovery thereof, and for the damages sustained by reason of such wrongful taking or possession.” Hutch. Code, 817. ■
We do not think the demand is essential to the recovery; for if the plaintiff is entitled to immediate possession, the detention by the defendant is wrongful. If, however, no demand be made before the institution of the suit, and the original possession of the defendant were lawful, he may tender the property to the plaintiff, and, upon its delivery by proper plea, discharge the action. The plaintiff might even be adjudged to pay the costs. But if, instead of this course, he denies the right of the plaintiff, and contests the action upon its merits, he cannot, after a verdict against him, defeat the recovery on the ground that there was no demand. The writ is a demand, and defending the suit is a refusal. We have adoptod this rule in the construction of the statute in regard to writs of forcible entry and unlawful detainer. Rabe v. Fyler, 10 S. & M. 446. There is so much similarity between the two statutes, as to justify the same interpretation.'
The only other point we shall notice, is in regard to the verdict itself. On the first finding, the separate value of the slaves was not assessed. The jury was discharged, and on the next day the. same jury was recalled, further evidence submitted to them, and another verdict, assessing the separate value of each, re-_ turned.
*275 This course was not warranted. Prussel v. Knowles, 4 How. 90, carries the practice upon this head as far, probably, as it ought to go. In that case, the whole jury had not left the court room; one of the jurors discovered a mistake in the verdict as rendered, and, upon making it known, the others were called in, agreed that the mistake existed, and the verdict was thereupon corrected. The case of Cogan v. Ebden, 1 Burr. 383, proceeds upon the same principle, that where there is a mistake in rendering the verdict, so that, as delivered, it does not conform to the real finding, it may be amended. The present case goes much further, and permits in truth a new verdict, upon new testimony, to be rendered. To this extent the practice cannot be sustained.
In an action of detinue, where the verdict omits price or value, the court by our statute may award a writ of inquiry to ascertain the same. Hutch. Code, 849. Were we to hold that this statute extended to actions of replevin, on which we now give no opinion, still it does not at all appear, that the proceeding had any reference to this statute.
The other points in regard to • the evidence may probably all be obviated at the next trial.
Judgment reversed, and new trial awarded.